Walter Mosley, Esq. (SBN 244169)
wm@waltermosleyesq.com
Carlos E. Montoya, Esq. (SBN 317057)
cem@waltermosleyesq.com
**MOSLEY & ASSOCIATES**
1055 W. 7th St., Suite 3260
Los Angeles, California 90017
Telephone: (213) 643-6880

Attorneys for Plaintiff,
MAURICE SHELTON HARDING SHAKUR

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE SHELTON HARDING SHAKUR p/k/a Mopreme, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOT IN HERE, INC., a foreign corporation; VLAD LYUBOVNY, in his professional capacity; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT 17 U.S.C. § 501 ET SEQ**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF, MAURICE SHELTON HARDING SHAKUR (hereinafter referred to as "Plaintiff" or "Mopreme"), alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

2.      This Court has personal jurisdiction over Defendants because Defendant HOT IN HERE, INC. conducts business in the state of California under its trademarked entity, VLADTV.com and is operated by its chief executive officer, Vlad Lyubovny, a resident of the state of California.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District and a substantial part of property that is the subject of this action is situated in this Judicial District.

## PARTIES

4.      Plaintiff, MAURICE SHELTON HARDING SHAKUR, (professionally known as "Mopreme") (hereinafter referred to as "Mopreme") is and at all times relevant hereto a resident of the State of California.

5.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant HOT IN HERE, INC. (hereinafter referred to as "VLADTV.com") was and is a foreign corporation owned and operated by Defendant Vlad Lyubovny.

6.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant here to, Defendant VLAD LYUBOVNY, (hereinafter referred to as the Mr. Lyubovny) is a resident of Calabasas, California and the chief executive officer of HOT IN IN HERE, INC. and its related entities.

7.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 to 20 and therefore sue these defendants by such fictitious names. Plaintiff will

amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon allege that each of the factiously named defendants is responsible in some manner for the acts and occurrences herein alleged, and that all defendants proximately caused Plaintiff's damages alleged in this complaint.

8.     The term "Defendants" as used hereinafter includes Hot In Here, Inc., Mr. Lyubovny, and each of the Doe defendants, except as context dictates otherwise.

9.     Plaintiff is informed and believes, and thereon allege, that at all times relevant to this action, each of the Defendants was the agent, employee, and servant of each of the other Defendants, acting within the course and scope of such agency, employment, and service.

## FACTS COMMON TO ALL CLAIMS

### A.     Plaintiff's Copyright Ownership

10.     Plaintiff is the legal and rightful owner of certain photographs (hereinafter referred to as "Photographs") depicting his late brother Tupac Shakur (hereinafter referred to as "Tupac") after his highly publicized encounter with Oakland Police Department (hereinafter referred to as "OPD"), attached herein and incorporated by this reference is a true and correct copy of the photographs of Tupac Shakur taken by Plaintiff in 1991, as Exhibit A.

11.     Plaintiff has an active and valid copyright registration from the United States Copyright Office, attached herein and incorporated by this reference is a true and correct copy of the U.S. Copyright Registration [VA 2-379-641], as Exhibit B.

12.     The Photographs were originally taken by Plaintiff on a disposable camera in 1991, effectively fixing the work in a tangible medium.

13.     The very same Photographs were used as exhibits in the police brutality lawsuit brought by Tupac against OPD and subsequently published in news articles reporting on the case.

///

14.     Plaintiff owns copyright interest in the Photographs as his original and creative works.

15.     Plaintiff has commercially licensed the Photographs to third parties for use in docuseries and museums but has not consented to the commercial use of the Photographs for any other purpose.

**B.     Defendants' Infringing Activity**

16.     Defendant is the registered owner of the media company VladTV ("Company") and operator of its website entitled VladTV.com ("Website").

17.     Defendants also operates social media accounts on Facebook, Twitter, and X, formally known as Twitter, in which Defendants further publishes content from the original Website.

18.     On April 25, 2023, Defendants published a news story and video on VladTV.com titled, "2Pac's Brother Mopreme Shakur On Pac Getting Beaten By Oakland Cops" including a video of an interview of Plaintiff conducted by Defendant Mr. Lyubovny several years ago. Defendants unlawfully included the Photographs in the news story without the consent of Plaintiff ("Infringing Content 1"). The Infringing Content is viewable at the active link https://www.vladtv.com/article/293550/2pacs-brother-mopreme-shakur-on-pac-getting-beaten-by-oakland-cops, attached herein and incorporated by this reference is a true and correct copy of a screenprint of the Infringing Content 1, as Exhibit C.

19.     On April 25 2023, Defendants again infringed the copyrighted material by displaying the Photographs on Defendants' Facebook account ("Infringing Content 2"), VladTV, viewable at the active link https://www.facebook.com/vladtv/videos/2pacs-brother-mopreme-shakur-on-pac-getting-beaten-by-oakland-cops-flashback/1298118930917219/, attached

herein and incorporated by this reference is a true and correct copy of a screenprint of the Infringing Content 2, as Exhibit D.

20. On April 25, 2023, Defendants posted the Infringing Content displaying the Photographs on Defendants' YouTube account ("Infringing Content 3"), djvlad, viewable at the active link, https://www.youtube.com/watch?v=3GW8Cn0dENo, attached herein and incorporated by this reference is a true and correct copy of a screenprint of the Infringing Content 3, as Exhibit E.

21. On April 25, 2023, Defendants posted the Infringing Content which displays the Photographs on Defendants' Twitter/X account ("Infringing Content 4"), @djvlad, viewable at the active link, https://twitter.com/djvlad/status/1650949057597042692, attached herein and incorporated by this reference is a true and correct copy of a screenprint of the Infringing Content 4, as Exhibit F.

22. Without Plaintiff's permission, authorization, or payment to Plaintiff, Defendants intentionally published, displayed, and distributed the Photographs to the Website and social media channels.

23. Plaintiff first discovered the infringements (hereinafter all of the infringing content referenced above are referred to as "Infringements") in or around May 2023. The Infringements remain on the website domains and social media platforms to date.

24. On information and belief, Defendant Mr. Lyubovny has either directly or indirectly contributed to the published Infringements as the owner and operator of the Website and social media accounts aforementioned through Defendants' employees and agents.

25.  On information and belief, at all times relevant hereto, Defendants' employees were acting within the scope of their employment when disseminating the Infringements.

26.  On information and belief, at all times relevant hereto, Defendants receive commercial benefit and advantage from the Website and the content posted therein, including the Infringements.

27.  On information and belief, at all times relevant hereto, Defendants knowingly used the Photographs and displayed and distributed the Infringements to increase traffic to the Website and social media accounts and garner more revenue from income sources such as advertising and subscriptions.

28.  As a result, Plaintiff has been substantially harmed by the Infringements and failure to obtain a commercial license for the use of the Photographs.

## **FIRST CLAIM FOR RELIEF**
## **FOR COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501 ET SEQ**
## **AGAINST ALL DEFENDANTS**

29.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

30.    The Photographs are an original, creative work created and owned by Plaintiff.

31.    Plaintiff has obtained and owns a valid copyright in the Photographs.

32.    The Photographs are properly registered with the USCO, complying with all statutory formalities and regulations under the Copyright Act and USCO.

33.    Defendants has not been granted a license nor right to use the Photographs in any manner.

34.    Plaintiff has not assigned any of its exclusive rights in the copyright as to the Photographs to Defendants.

35.     Defendants willfully violated Plaintiff's rights under 17 U.S.C. § 106 without the permission or authorization of Plaintiff.

36.     Defendants' improper and illegal copying, reproduction, distribution, adaptation, and/or public display of the works copyrighted by Plaintiff thereby violated one of Plaintiff's exclusive rights in the copyright.

37.     Defendants' reproduction, display, and distribution of the Photographs constitute willful copyright infringement.

38.     On information and belief, Defendant willfully infringed upon Plaintiff's Photographs in violation of Title 17 of the U.S. Code, by using, publishing, communicating, posting, publicizing, and otherwise holding out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authorization, on Defendants' Website and social media accounts.

39.     As a result of Defendants' violations and infringement, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendants' profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each of the Defendants for each of the Infringements pursuant to U.S.C. § 505.

40.     As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain the Infringements of his copyright pursuant to 17 U.S.C. § 502.

///
///
///
///
///
///
///

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs seek judgment against Defendants and each of them, in an amount according to proof as follows:

That the Court enters a judgment finding that the Defendants have infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. § 501 et seq. and award damages and monetary relief as follows:

a. Finding that the Defendants have infringed Plaintiff's copyright interest in and to the Photographs by reproducing, displaying, and distributing it without a license, consent, or authorization;

b. For an award of actual damages and disgorgement of all of Defendants' profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven, or in the alternative, at Plaintiff's election, an award for statutory damages against each of the Defendants for each of the Infringements pursuant to 17 U.S.C § 504(c), whichever is larger;

c. For an order pursuant to 17 U.S.C. 502(a) enjoining the Defendants from any infringing use of any of Plaintiff's works;

d. For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

e. For prejudgement interest as permitted by law; and

f. For any other relief the Court deems just and proper.

DATED: February 22, 2024                    **MOSLEY AND ASSOCIATES**


By:  _Walter Mosley_____
       Walter Mosley, Esq.
       Carlos E. Montoya, Esq.
       Attorneys for Plaintiff
       MAURICE SHELTON HARDING
       SHAKUR

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury in the above matter.


DATED: February 22, 2024                    **MOSLEY AND ASSOCIATES**



                                        By:  *Walter Mosley*
                                             _____
                                             Walter Mosley, Esq.
                                             Carlos E. Montoya, Esq.
                                             Attorneys for Plaintiff
                                             MAURICE SHELTON HARDING
                                             SHAKUR